Albert **KOWALEWSKI**, Plaintiff,

v.

William J. **DETWEILER**,
et al., Defendants.

Civ. A. No. MJG–88–3413.

United States District Court,
D. Maryland.

Aug. 29, 1991.

Mark Kolman, Susan Souder, Charles S. Hirsch, and Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, Md., for plaintiff.

James E. Gray, Linda S. Wolf, Goodell, DeVries, Leech & Gray, Baltimore, Md., for defendant Detweiler.

Robert P. Schlenger, Lord & Whip, Baltimore, Md., for defendants Byan, Martin, Watts, Bethea, Agro and Keifer.

## DECISION

GARBIS, District Judge.

This action is brought by Albert Kowalewski against eight Trustees or former Trustees of the Steamship Trade Association—International Longshoremans' Association (STA/ILA) Pension and Benefits Funds (hereinafter "the Plan").[1] Plaintiff is a participant in, and former co-administrator, of the Plan. Plaintiff is suing on behalf of the Plan. The Plan is an employee benefit program subject to the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002 *et seq.* In seven counts Plaintiff alleges that Defendants in their role as Plan Trustees breached their fiduciary obligations under 29 U.S.C. § 1104, engaged in prohibited transactions in violation of 29 U.S.C. § 1106, violated ERISA's provisions governing the conduct of Plan co-fiduciaries, 29 U.S.C. § 1105, and violated section 302 of the Taft–Hartley Act, 29 U.S.C. § 186. In general, Plaintiff's claims relate to the following:

Count I—The Defendant Trustees' decision to retain James Caldwell as a Plan employee after learning of misconduct by Caldwell in the performance of his job.

Count II—Alleged misconduct by Defendant Detweiler in arranging for summer employment for his son with contractors performing services for, and receiving payments from, the Plan.

Count III—Alleged improper participation by Defendant Howell in a discussion by the Trustees to select him (Howell) to fill the Plan's Drug and Alcohol Advisor/Director position, and Howell's subsequent vote to appoint himself to the position.

Count IV—Alleged failure of the Trustees to properly investigate the necessity of the Plan's Drug and Alcohol Advisor/Director position prior to creating it, and then filling the position with an unqualified person.

Count V—The Trustees' failure to prevent, and assisting in, the breaches of fiduciary duty alleged in Counts I, II and III.

Count VI—Alleged improprieties by Defendant Detweiler in creating an interim escrow account to hold certain container royalties pending resolution of a dispute as to whether the container royalties would be applied to the Plan or some other fringe benefit.

Count VII—The Trustees' alleged breach of fiduciary duty by firing Plaintiff from his job as the Plan Administrator.

Plaintiff seeks compensatory damages for the benefit of the Plan, removal of the Defendants as Trustees, attorneys fees, costs, and other appropriate relief. Motions for summary judgment filed by Plaintiff and two groups of Defendants are before the Court. A threshold question presented is the scope of review to be applied to the alleged actions by the Trustees. This Decision addresses only that issue, leaving for a separate memorandum deci-

1. The following eight of the Plan's sixteen Trustees are named as Defendants: William Detweiler, Edward Howell, Maurice Martin, James Bethea, Jr., Jerome Watts, James Keifer, Vincent Agro and Maurice Byan.

sion, the application of the pertinent standard to the specific facts of this case.

Most of the Plaintiff's claims allege violations by Defendants of their fiduciary obligations under 29 U.S.C. § 1104 of ERISA. Section 1104 of ERISA provides that the actions of plan fiduciaries must comport with a "prudent man standard of care." The prudent man standard of care is explicitly defined in section 1104 as follows:

(1) [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

(A) for the exclusive purpose of:

(i) providing benefits to participants and their beneficiaries; and

(ii) defraying reasonable expenses of administering the plan.

(B) with the care, skill, and prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

(C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and

(D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter or subchapter III of this chapter.

The parties do not debate that the Trustees were Plan fiduciaries. Nor do they debate the applicability of the prudent man standard as governing the actions of fiduciaries administering an ERISA plan. What is disputed, however, is the degree of scrutiny that a reviewing court must apply when determining whether a particular act of a plan fiduciary was prudent within the meaning of the statute. Plaintiff argues that a *de novo* inquiry into the Defendants'

conduct is appropriate, and that no deference should be given to the actions or decisions of the Trustees. Defendants, on the other hand, contend that courts must review the conduct of an ERISA-plan fiduciary under an arbitrary and capricious standard. The Court finds that the arbitrary and capricious standard is inapplicable to the claims raised by Plaintiff.

■ The applicable standard of review of fiduciary decisions in benefit denial cases is well settled since the Supreme Court's decision in *Firestone Tire & Rubber co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) and subsequent cases: Courts should review benefit determinations *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," in which case the deferential, arbitrary and capricious standard of review is to be applied. *Id.* at 115, 109 S.Ct. at 956.[2]

*Bruch*, however, did not expressly address the issue before the Court in the case at Bar. That is, *Bruch* did not address the standard of review applicable to decisions of ERISA fiduciaries that do not involve benefit determinations—decisions involving the day to day management or administration of ERISA plans. The parties have not brought to this Court's attention any appellate decisions from the Fourth Circuit squarely addressing this question. Defendants argue that the holding of *Bruch* applies not only to benefit denial cases, but also to cases involving administration or management of ERISA-plans generally. Thus, according to Defendants, notwithstanding the presence of the strict fiduciary standards expressly included in section 1104 of ERISA, if fiduciaries are vested by the terms of the plan with discretion to perform certain actions, courts reviewing the conduct of plan trustees are limited to making the minimal determination of whether the trustees acted reasonably or rationally. The Defendants contend that the plan in question in this case vests the

---

**2.** Prior to *Bruch*, reviewing courts routinely applied the arbitrary and capricious standard to benefit determination cases. *Bruch*, therefore, represents a reversal of the prevailing practice of reviewing benefit determinations of plan administrators by a deferential standard.

Trustees with discretionary power to perform the acts that are the subject of Plaintiff's complaint.

■ The Court finds that the holding in *Bruch* does not extend to cases which, like the one at Bar, involve the management and operation of the plan as opposed to benefit determinations. Although *Bruch* addressed the application of certain trust law principles under ERISA in general terms, the Supreme Court was careful to note that its holding was limited to benefit denial cases brought pursuant to 29 U.S.C. § 1132(a)(1)(B). *Bruch,* 109 S.Ct. at 953. Moreover, even prior to *Bruch,* application of the arbitrary and capricious standard in ERISA cases was limited to cases involving benefit determinations. 4 Pension Coordinator (RIA) 53,505 (March 31, 1989); *Struble v. N.J. Brewery Emp. Welfare Trust Fund,* 732 F.2d 325 (3rd Cir.1984). In cases involving plan administration or management of plan assets, Courts have typically applied the more stringent statutory standards expressly contained in section 1104. *Struble* at 333. The Court finds no suggestion in *Bruch* that the Supreme Court intended to expand the applicability of arbitrary and capricious review to a broader array of ERISA cases. Indeed, *Bruch* itself limits the occasions that deferential review would be appropriate even in the area of benefit denial cases—an area where the arbitrary and capricious standard has been routinely applied. *See DeNobel v. Vitro Corp.,* 885 F.2d 1180 (4th Cir.1989).

The Third Circuit, in *Struble v. New Jersey Brewery Emp. Welfare Trust Fund,* 732 F.2d 325 (3rd Cir.1984), has offered a persuasive explanation for the applicability of varying standards of review among ERISA cases involving different issues:

> In actions by individual claimants challenging the trustees' denial of benefits, the issue is not whether the trustees have sacrificed the interests of the beneficiaries as a class in favor of some third party's interests, but whether the trustees have correctly balanced the interests of present claimants against the interests of future claimants.... '[T]he purpose of the Fund is to provide benefits to as many intended employees as is economically possible while protecting the financial stability of the Fund.' In such circumstances it is appropriate to apply the more deferential "arbitrary and capricious" standard to the trustees' decisions. In the latter type of action, the gravamen of the plaintiff's complaint is not that the trustees have incorrectly balanced valid interests, but rather that they have sacrificed valid interests to advance the interests of non-beneficiaries.

*Struble* at 333–34 (citation omitted).

It seems that the Fourth Circuit has, at least in an oblique fashion, approved of the holding in *Struble.* In *Holland v. Burlington Industries, Inc.,* 772 F.2d 1140 (4th Cir.1985) the Court addressed the appropriate standard of review when plan trustees deny employees' claims for severance pay from the plan. Although the Court of Appeals determined that *Struble* was not relevant to the issues then before it, the language used by the Court to distinguish *Struble* demonstrates that it apparently accepted the reasoning of that case. *Struble,* the Court noted, "involved in essence a fund management dispute, to which strict [§ 1104] standards normally apply, rather than a question of claim eligibility, as here." *Holland* at 1149. "In *Struble,* those affected by the trustees' action included *all* potential beneficiaries of the plan. Here, by contrast, one group among the many potential beneficiaries of a company plan dispute the denial of their claims, and the issue is not, as in *Struble,* whether the trustees 'have sacrificed the interests *of the beneficiaries as a class* in favor of some third party's interest.'" *Holland* at 1148–49 (citing *Struble* at 333) (emphasis in original).

Although *Holland*'s categorical holding that the arbitrary and capricious standard applies in all benefit determination cases would be negated by *Bruch,* this Court finds that the remainder of that opinion retains validity. In this case, as in *Struble,* the alleged fiduciary lapses by Defendants involve management or administration of

the Plan, not benefit determinations; and as in *Struble*, the Defendants' alleged conduct is of a sort that would affect the interests of Plan "beneficiaries as a class in favor of some third party's interests," *Struble* at 333, or in some instances in favor of the interests of the defendant trustees themselves. While the Fourth Circuit has not expressly adopted the holding of *Struble*, its comments upon that decision in *Holland* convince this Court that the arbitrary and capricious standard of review is inapplicable to claims relating to the duty of the trustees to safeguard and properly manage and operate the Plan.[3]

■ In any event, the Court does not see how it could simply ignore the prudent man standard, and instead apply the arbitrary and capricious standard when reviewing fiduciary conduct involving plan administration and management, without rendering the provisions of section 1104 a meaningless superfluity. Any attempt to somehow merge the two standards seems futile since the Court is at a loss as to what it would mean, or how to use the arbitrary and capricious standard when deciding whether plan fiduciaries have acted prudently within the meaning of section 1104. To view the prudent man standard through the lens of arbitrary and capricious review would effectively create an incongruous and confusing hybrid standard of review that would serve only to complicate resolution of ERISA cases. Unless this Court is empowered to apply the prudent man standard in its pure form, according to its express terms and judicially recognized meaning, it would be left only to plan fiduciaries themselves to determine if their conduct is consistent with the level of care dictated by section 1104. For, besides the federal courts who is there to ensure that plan fiduciaries administer the plan in accordance with the prudent man standard? Doubtlessly, any fiduciary named as a defendant in an ERISA action will conclude, if left to decide the question for himself, that he acted with prudence. The Court cannot accept that the prudent man standard was expressly included by Congress in ERISA merely as a guide to be used by plan fiduciaries to self-police their own conduct, but that the federal courts, who are charged with reviewing the conduct of fiduciaries and enforcing ERISA, are prohibited from freely applying that standard of care as it is commonly understood. The Court finds that section 1104 provides an adequate basis for the Court to measure the conduct of plan fiduciaries and that it was included in ERISA as the standard of review to be applied by courts reviewing the conduct of plan fiduciaries. Accordingly, the Court will apply the statutory prudent man standard of section 1104 to the claims before it.

---

3. *See also Bidwell v. Garvey*, 743 F.Supp. 393 (D.Md.1990), where Judge Howard, relying on the rationale of *Struble*, declined to apply the arbitrary and capricious standard to claims alleging that ERISA-plan trustees breached their fiduciary duty to properly pursue employer contributions to which the plan was entitled.